```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN PLATT,<br><br>       Plaintiff,<br><br>  v.<br><br>JOSE GONZALEZ, GEORGE ADAMS, ANGELO MAIMONE, CHIEF JOHN MOONEY, and CITY OF ATLANTIC CITY,<br><br>       Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 09-6136<br>       (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

KEARNEY AND ASSOCIATES, P.C.
By: Linda L. Campbell, Esq.
210 White Horse Pike
P.O. Box 279
Haddon Heights, NJ 08035
    Counsel for Plaintiff

LAW OFFICES OF RILEY & RILEY
By: Michael E. Riley, Esq.
The Washington House
100 High Street, Suite 302
Mount Holly, NJ 08060
    Counsel for Defendants Gonzalez, Adams, Maimone, and City of
    Atlantic City

**IRENAS**, Senior District Judge:

    Plaintiff John Platt initiated this lawsuit against the City of Atlantic City and individual police officers Jose Gonzalez, George Adams, and Angelo Maimone (collectively "Defendants").[1]

---

[1] Police Chief John Mooney was also initially named a Defendant in this action. However, on May 19, 2011, a stipulation of dismissal with prejudice as to the claims against Chief Mooney was entered, terminating him as a party to the

1

Plaintiff alleges federal and state civil rights violations and several tort-based claims stemming from an incident with Defendants and a police dog during which Plaintiff was injured.[2] Pending before the Court is Defendants' Motion for Summary Judgment.

**I.**

Plaintiff was employed as a night-shift security guard for Allied Snug Harbor. (Defs' 56.1 Stat. ¶ 6; Pl's Stat. of Facts ¶ 4.)[3]  The incident at issue in this case took place on January 11, 2008 at the construction site that was Plaintiff's place of employment.  (Defs' 56.1 Stat. ¶¶ 1, 20.)

The parties agree that on the night in question Plaintiff brought beer to the construction site and drank it while on the job.  (Defs' 56.1 Stat. ¶ 11; Pl's Stat. of Facts ¶ 10.)  The parties also agree that Owen Mastrocola, Plaintiff's friend, arrived at the construction site intoxicated and began arguing with Plaintiff in the construction trailer, which did not have electricity.  (Defs' 56.1 Stat. ¶¶ 12-13, 17-18; Pl's Stat. of Facts ¶¶ 11-12, 14.)

---

action.

[2]  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

[3]  References to "Defs' 56.1 Stat." are to Defendants' statement of undisputed material facts submitted in support of their Motion.

Once the police officers arrived at the scene, Plaintiff's and Defendants' version of the events diverge. According to Defendants, they witnessed Plaintiff and Mastrocola emerging from the trailer and advised them to place their hands in the air. (Defs' 56.1 Stat. ¶ 22.) Plaintiff became belligerent, refused verbal commands and made aggressive movements, at which point Defendant Gonzalez attempted to subdue him. (*Id.* ¶¶ 23-25.) Plaintiff then began violently struggling with Defendant Gonzalez and the other Defendants. When they were unable to apprehend Plaintiff, Defendant Adams released the police dog, which Plaintiff attempted to choke. (*Id.* ¶¶ 26-28.)

According to Plaintiff, he opened the door of the construction trailer when Defendants knocked. (Pl's Stat. of Facts ¶¶ 15-16.) When he was instructed to exit the trailer, Plaintiff identified himself as security and attempted to retrieve credentials from his back pocket. (*Id.* ¶¶ 18-19.) Defendants then released the police dog, which began biting Plaintiff. (*Id.*) As Plaintiff attempted to protect himself from the police dog by placing it in a hold, Defendants began hitting him. (*Id.* ¶¶ 20-24.)

Plaintiff was taken into custody, sent to the hospital to be treated for his injuries and ultimately charged with assault, resisting arrest and obstruction. (Defs' 56.1 Stat. ¶ 29-30.) Plaintiff pled guilty to resisting arrest on June 2, 2009. (*Id.*

¶ 31.)

Plaintiff filed a Complaint in this Court on December 3, 2009.  While the seven-count Complaint is not entirely clear as to the claims asserted, it appears Plaintiff alleges the following causes of action:  Count One, assault against Defendants Gonzalez, Adams, and Maimone; Count Two, negligent hiring and training against Defendant City of Atlantic City; Counts Three and Four, civil rights violations under the New Jersey and Federal Constitutions against all Defendants; Count Five, negligence in failing to prevent Plaintiff's injury against Defendant John Doe;[4] Count Six, negligence in failing to prevent Plaintiff's injury against all Defendants; Count Seven, strict liability against all Defendants.

On May 2, 2011, Defendants' filed their Motion for Summary Judgment.

**II.**

"[S]ummary judgment is proper 'if the pleadings,

---

[4] Discovery in this case was due by January 31, 2011. Plaintiff has filed no motion to amend nor has he attempted to serve any additional defendant with the instant Complaint. Fictitious party names may be used until a plaintiff has had a "reasonable opportunity to conduct discovery to identify the fictitiously named defendants." *White v. Fauver*, 19 F.Supp.2d 305, 312 n.8 (D.N.J. 1998).  Fed. R. Civ. P. 21 allows this Court to drop parties from an action "on its own" "at any time."  Fed. R. Civ. P. 21.  Because discovery has been completed and Plaintiff has not identified the John Doe Defendant, the Court exercises its discretion to dismiss the John Doe Defendant named in Count Five from this action.

4

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party.  *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).  "'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'– that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" *Conoshenti v. Public Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*, 477 U.S. at 323).  The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### III.

Defendants move for summary judgment on all of Plaintiff's claims.  The Court will first consider Plaintiff's constitutional claims before turning to his state law claims.

**A.**

Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 for unlawful arrest and excessive force.[5] (*See* Compl. Count Three ¶ 2.)  According to Plaintiff, despite the fact that he was working at his place of employment and identified himself as the security guard, the police used excessive force to arrest him. (Pl's Br. in Opp. at 21, 22.)  Defendants move for summary judgment on Plaintiff's constitutional claims, and also argue that the claims are barred by the favorable termination rule articulated in *Heck v. Humphrey* and that Defendants are entitled to qualified immunity.

For the purposes of the present motion, the Court must construe the facts and inferences in the light most favorable to Plaintiff in considering whether there has been a constitutional violation.  According to Plaintiff, as he attempted to comply with Defendants' orders to identify himself as the security officer on duty, the police dog was released on Plaintiff and

---

[5] Section 1983 provides:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

while being bitten by the dog, he was also beaten and kicked by Defendants, who eventually arrested him.  These facts alleged by Plaintiff, if proven at trial, show that he was subjected to excessive force and arrested without probable cause in violation of his constitutional rights.  *See Kopec v. Tate*, 361 F.3d 772, 777 (3d Cir. 2004)(reversing grant of summary judgment in favor of defendants where plaintiff asserted facts that if proven would establish an excessive force violation).

Defendants also assert that Plaintiff's claims are legally barred under either the favorable termination rule or qualified immunity.  Under *Heck v. Humphrey*, if a favorable judgment on a § 1983 damages claim would "necessarily imply the invalidity" of the plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated.  512 U.S. 477, 486-87 (1994).

Here, Plaintiff pled guilty to the disorderly persons offense of resisting arrest.  Under N.J.S.A. § 2C:29-2, "a person is guilty of a disorderly persons offense if he purposely prevents or attempts to prevent a law enforcement officer from effecting an arrest."  N.J.S.A. § 2C:29-2(a)(1).  The 2000 amendment of this section deleted the word "lawful" before the word "arrest" in order to "omit[] the condition that the arrest be lawful and include[] attempts to prevent a law enforcement

7

officer from effecting an arrest." N.J. Assemb. Comm. Statement, 209th Leg., Assemb. B. 1576 (Jan. 24, 2000); *see also State v. Crawley*, 187 N.J. 440, 464 (2006)(Wallace, J., dissenting).

*Heck's* favorable termination rule does not bar Plaintiff's claims for excessive force or unlawful arrest because success on either claim would not imply the invalidity of Plaintiff's criminal conviction. The offense to which Plaintiff pled guilty to does not require a lawful arrest. Therefore, a finding that Plaintiff was resisting arrest can coexist with a finding that the police used excessive force to unlawfully arrest Plaintiff. *See Nelson v. Jashurek*, 109 F.3d 142, 145-46 (3d Cir. 1997).

Although Defendants purportedly make a qualified immunity argument, they appear to be arguing that there was no constitutional violation. The Court will not reach the question of qualified immunity here because it is not clear whether there has been a constitutional violation. If, on the one hand, there has been no violation, there is no need for qualified immunity. On the other hand, if the police used excessive force to effect an unlawful arrest, qualified immunity will not protect Defendants as these are clearly established constitutional rights.

The Court concludes that Defendants are not entitled to summary judgment on the civil rights claims for excessive force or unlawful arrest because Plaintiff has presented evidence that,

if established at trial, supports a violation of his constitutional rights and his claims are not otherwise barred by the favorable termination rule or qualified immunity.[6]

**B.**

Plaintiff also asserts a *Monell* claim[7] against the Defendant City for a failure to train officers in the use of police dogs and for "favor[ing] statements of the police officers over statements of the citizen complaining of police abuse or misconduct, resulting in exoneration of the officers for unconstitutional behavior . . . ." (Compl. Count Four ¶¶ 7-8.) In support of this claim, Plaintiff asserts that the mayor investigated the misuse of police dogs and a new directive on police dogs was issued. (Pl's Opp. at 26.) In addition, Plaintiff attaches two unrelated complaints filed in state court in 2007 involving alleged police dogs bites. (*Id.*)

The two unrelated 2007 complaints are not probative on whether the City failed to train its officers or had a custom of

---

[6] The Complaint also asserts constitutional claims for malicious prosecution and due process violations. Summary judgment is granted to Defendants on these claims as Plaintiff appears to have abandoned them and has not put forth any evidence supporting these alleged violations.

[7] In *Monell v. Dep't of Soc. Servs.*, the Supreme Court held that a municipality can be held liable under 42 U.S.C. § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." 436 U.S. 658, 695 (1978).

9

favoring police statements over those made by citizens. Plaintiff has not put forth any other evidence in support of his claims. Accordingly, summary judgment is granted to Defendants on the *Monell* claim.

## C.

Defendants move for summary judgment on the state law claims of assault, negligent hiring and training, negligence, and strict liability, arguing that Plaintiff has failed to file a notice pursuant to the New Jersey Tort Claims Act ("TCA").

The TCA states that "[n]o action shall be brought against a public entity or public employee . . . unless the claim upon which it is based shall have been presented in accordance with the procedures set forth in this Chapter." N.J.S.A. § 59:8-3. Pursuant to the TCA, a plaintiff must sign and file a notice of tort claim with the relevant public entity within 90 days from the accrual of the cause of action. *Id.* § 59:8-8. A plaintiff who fails to file notice within the 90-day period is "forever barred from recovering against [the] public entity or employee."[8] *Id.*

Plaintiff's state law tort claims are against the City of

---

[8] Upon a motion by the plaintiff supported by affidavits, the court has discretion to allow a late filing of a notice of claim if made within one year of the claim accrual date provided that (1) plaintiff demonstrate "extraordinary circumstances" for his failure to meet the 90-day filing requirement and (2) that defendants are not "substantially prejudiced thereby." N.J.S.A. § 59:8-9.

10

Atlantic City, a public entity, and several of its police officers, employees of a public entity.  Therefore, Plaintiff was required to file a notice pursuant to the TCA within 90 days of the accrual of his claim.  *See Velez v. City of Jersey City*, 180 N.J. 284, 296 (2004)(notice must be given only to the governmental entity but failure to provide notice also bars claims against employees).  Plaintiff failed to file any such notice.

Nonetheless, Plaintiff argues that he "substantially complied with the requirement of the statute by filing [an] Internal Affairs Complaint" with the Atlantic City Police Department.[9]  (Pl's Br. in Opp. at 14.)  In support of this argument, Plaintiff cites *Lebron v. Sanchez*, 407 N.J. Super. 204 (App. Div. 2009).  However, reliance on this case is misplaced.  In *Lebron*, the court applied the equitable doctrine of substantial compliance to prevent barring legitimate claims due to a technical defect in the notice of tort claim filed by plaintiff.  *Id.* at 215-21.  This is not a case of an attempted TCA notice with a technical flaw.  Plaintiff's Internal Affairs Complaint could not be considered a notice pursuant to the TCA.  Therefore, Plaintiff has not "substantially complied" with the

---

[9]  Plaintiff also filed two "Civilian Complaint Requests" with the Atlantic City Municipal Court seeking to charge the officers with aggravated assault and excessive force.  (Pl's Br. in Opp, Ex. B.)

11

notice requirement and the rule articulated in *Lebron* is inapplicable.

The unambiguous terms of the TCA bar Plaintiff from bringing a tort action against Defendants.  Accordingly, summary judgment will be granted to Defendants on Counts One, Two, Six and Seven of Plaintiff's Complaint.

### IV.

For the reasons stated above, Defendants' Motion for Summary Judgment will be denied with respect to Plaintiff's constitutional claims in Count Three for unlawful arrest and excessive force.  The Motion will be granted as to Counts One; Two; Three as to the claims for malicious prosecution and due process violations; Four; Six; and Seven.  In addition, the John Doe Defendant will be dismissed from the case.  *See supra* note 4.

Dated: June 9, 2011

                                                s/Joseph E. Irenas
                                          **JOSEPH E. IRENAS, S.U.S.D.J.**